**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | | |
|---|---|---|
| Anthony C. Holt, | ) | Civil Action No. 0:22-00158-RMG |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 10) recommending that Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 be dismissed. (Dkt. No. 1). For the reasons set forth below, the Court adopts the R & R as the Order of the Court and the petition is dismissed without prejudice and without requiring the respondent to file a return.

### I.   Background

Petitioner is an inmate at the Federal Correctional Institution Edgefield satellite camp. Petitioner indicates that he was denied the request to move to home confinement pursuant to the CARES Act because of a charged violent felony for which he was not ultimately convicted. Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asking the Court to release him pursuant to the CARES Act. (Dkt. No. 1-1 at 13). Petitioner raises four grounds for relief. On February 23, 2022, the Magistrate Judge issued an R & R recommending the Court dismiss the petition because the Court does not have the authority to provide the only relief Petitioner seeks in the petition. (Dkt. No. 10).

### II.   Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Petitioner has not filed objections to the R & R and the Court conducts a clear error review.

### III.    Discussion

The Court finds that the Magistrate Judge ably addressed the issues raised by Petitioner and correctly concluded that the action should be dismissed as the Court lacks the authority to provide the only relief Petitioner seeks. As discussed in the R & R, the Court lacks the authority to order Petitioner's release into home confinement. The CARES Act empowers the Attorney General and Bureau of Prisons ("BOP") Director to lengthen the amount of time an inmate can serve his sentence on home confinement. 18 U.S.C. § 3624(c)(2) (authorizing BOP to place prisoners in home confinement); CARES ACT, Pub. L. 116-136, § 12003(b)(2) (permits BOP to lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement pursuant to 18 U.S.C. § 3624(c)(2) as it deems appropriate). The BOP's authority as to where to house inmates is completely discretionary and not subject to judicial

review.  *Touzier v. U.S. Att'y Gen.*, C/A No. 21-10761, 2021 WL 3829618, at * 2 (11th Cir. 2021) (stating the CARES Act does not provide federal courts with authority to grant inmates home confinement); *McCarson v. Reherman*, C/A No. 2:20-1386-HMH, 2020 WL 2110770 (D.S.C. May 4, 2020) (Court lacks jurisdiction to order Petitioner home confinement under the CARES Act).  Therefore, the Court lacks the authority to provide the only form of relief Petitioner seeks.

### IV.    Certificate of Appealability

28 U.S.C. § 2253 provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254].").

A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that the district court does not have the authority to grant Petitioner's requested form of relief.  Therefore, a Certificate of Appealability is denied.

### V.    Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R as the Order of the Court. (Dkt. No. 10).  Petitioner's petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.  (Dkt. No. 1).

**AND IT IS SO ORDERED**.


s/ Richard M. Gergel
Richard M. Gergel
United States District Judge


March 18, 2022
Charleston, South Carolina